PER CURIAM.
This matter is before the Court to review the report of the Referee in a disciplinary proceeding wherein the recommended discipline is disbarment. Respondent has filed a petition for review of the report in which he requests this Court to modify the recommendation and “grant such other and further relief as shall seem right and proper to the Court.” This is a matter of original jurisdiction in this Court in accordance with Article V, Section 15, Florida Constitution.
The proceeding was initiated by a complaint filed by The Florida Bar alleging that respondent was retained by a client to file a breach of contract suit. Approximately one year after the suit was filed, it was dismissed for lack of prosecution. After the suit was dismissed, respondent fabricated reports of the “progress” of the suit to his client. He represented that a summary judgment had been obtained and upheld on appeal, and that the case could be settled for $152,000. In connection with misrepresentations concerning the progress of the suit, respondent even fabricated a document purporting to be a final judgment in the cause. It is further alleged in the complaint that the client was obliged to review the court file to determine that no action had been taken in the litigation and that it had been dismissed for lack of prosecution. Respondent asserts that he ultimately confessed his conduct to the client. Thereafter, the client retained the services of another attorney to represent him in regard to the breach of contract suit. In addition, it appears that respondent has entered into some form of restitution with the client.
Answers to request for admissions propounded by The Bar as well as answer and affirmative defenses were filed by the respondent in which the foregoing facts were essentially admitted. Furthermore, while the proceedings were pending, respondent filed in this Court a petition for leave to resign which was resisted in some particulars by The Bar. This Court denied respondent’s petition.
Ultimately the matter came on for hearing before the Referee upon a stipulation of facts and consent judgment wherein the allegations of the complaint filed by The Florida Bar were admitted and a plea of guilty to the charges of ethical violations was entered subject to the condition that the Referee hear testimony as to extenuating circumstances. At the hearing the Referee received the testimony of respondent as well as the testimony of Dr. Paul Satz, by deposition. That testimony reflects that respondent has for a period of many years periodically suffered from significant emotional problems. Evidence was also received concerning prior disciplinary measures taken against respondent which disclosed that he was disbarred in 1967 upon being found guilty on three counts of improperly using or embezzling clients’ funds and of other deceitful practices involving the property and business of his clients. See The Florida Bar v. Rosenblum, 197 So.2d 509 (Fla.1967).
Based upon the foregoing stipulation, testimony and evidence, the Referee concluded in his report:
[TJhat Mr. Rosenblum’s continuing psychological problems, although intermittent, disqualify him from a position of trust. Although every lawyer must from time to time, experience stress and emotional conflict which would, to some degree, impair their effectiveness in their profession, Mr. Rosenblum is apparently unable to cope with these stressful situations and his ability to practice law is impaired or destroyed to a significant degree.
Accordingly, it was the recommendation of the Referee that respondent be disbarred from the practice of law in Florida. The Referee expressly rejected suspension as an appropriate form of discipline.
In his instant petition, respondent maintains that disbarment is inappropriate disci *949 pline for his unethical conduct. While he does not deprecate at all the gravity of his misconduct, respondent asserts that both he and the public will be better served by fashioning a form of discipline which recognizes that his ethical deficiencies stemmed from medically documented severe emotional problems. Although respondent represents that he has no present intention of practicing law in the future (he has voluntarily discontinued practice for some time), he is unwilling to tender an offer of resignation conditioned upon never seeking readmission.
While we completely sympathize with the Referee’s recommendation under the circumstances of respondent’s demonstrated record of unfitness, nonetheless, an alternative to disbarment seems to be called for in this case. This is so because disbarment has once been visited upon respondent with little or no salutary effect. Although disbarred in 1967, respondent was readmitted in 1972 after receiving professional psychological aid and, ostensibly, being rehabilitated. Under the Integration Rule[1] respondent would again be eligible to make application for readmission at the expiration of three years. This could become a never ending (and totally unsatisfactory) rondo. Counsel for The Florida Bar conceded at oral argument that The Bar is cognizant of the irony of such a situation.
Accordingly, while mindful of the reprehensible nature of respondent’s ethical misconduct, we determine to reject the Referee’s recommendation of disbarment and, in lieu thereof, impose the following discipline which we perceive to be in the public interest. Respondent, Morton Rosenblum, is hereby suspended from the practice of law in Florida for a period of three years from the date this judgment shall become final and thereafter until he shall comply fully with all of the following conditions for reinstatement:
(1) He shall make full restitution to any and all injured clients who are either involved in this proceeding or who may be discovered before respondent submits any application for reinstatement.
(2) He shall prove by clear and convincing evidence his complete mental, emotional and moral rehabilitation, together with all the other requirements of The Florida Bar Integration Rule, Article XI, Rule 11.11 and the bylaws thereunder, during any reinstatement proceedings.
(3) He shall pass all portions of The Florida Bar Examination after any future application for reinstatement is submitted to The Bar, but prior to and as a condition of reinstatement.
(4) Within thirty days from this judgment becoming final he shall pay all costs incurred by The Florida Bar in these proceedings and in any other grievance proceeding now pending against him before any Bar grievance committee or any referee.
It is so ordered.
BOYD, Acting C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

. Fla. Bar Integr. Rule, Art. XI, Rule 11.10(4).